UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BLAKE R. BOYLE,                                                04-CV-0977E(F)

        Plaintiff,                                       MEMORANDUM

-vs-                                                           and

ANHEUSER BUSCH, INC.,                                          ORDER[1]

        Defendant.

---

## BACKGROUND

In this personal injury action Plaintiff Blake R. Boyle ("Boyle") alleges that his wrist was crushed while he was working as a contractor at Defendant Anheuser Busch, Inc.'s facility in Ft. Collins, Colorado. As Boyle is a Tonawanda, New York resident and Anheuser Busch is a Delaware corporation with a principal place of business in St. Louis, Missouri, this action is based on the Court's diversity jurisdiction pursuant to 28 U.S.C. §1332. Pending before the Court is Anheuser Busch's Motion to Transfer Venue to the District of Colorado.

## DISCUSSION

A district court may "[f]or the convenience of parties and witnesses, in the interests of justice, *** transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. §1404(a). The moving party bears

---

[1] This decision may be cited in whole or in any part.

the burden of establishing the propriety of the transfer by a clear and convincing showing.  *See Ford Motor Co.* v. *Ryan*, 182 F.2d 329, 330 (2d Cir.), *cert. denied*, 340 U.S. 851 (1950).  The decision whether to transfer venue lies in the sound discretion of the district court.  *See Air-Flo M.G. Co.* v. *Louis Berkman Co.*, 933 F. Supp. 229, 233 (W.D.N.Y. 1996).

With respect to such a motion, the Court considers "(1) whether the action might have been brought in the proposed transferee forum; and (2) whether the transfer promotes convenience and justice." *Excelsior Designs, Inc.* v. *Sheres*, 291 F. Supp. 2d 181, 185 (E.D.N.Y. 2003) (internal citations omitted).  The parties do not dispute that this action could have been brought in the District of Colorado.  Rather, the dispute centers on whether transfer would promote convenience and justice.

Courts weigh several factors in the determination of whether a proposed transferee venue is more convenient than the current venue.  Those factors include: (1) the place where the operative facts occurred, (2) the convenience of the parties, (3) the convenience of the witnesses, (4) the relative ease of access to sources of proof, (5) the availability of process to compel the attendance of unwilling witnesses, (6) the plaintiff's choice of forum, (7) the forum's familiarity with the governing law and (8) trial efficiency and the interests of justice.  *See*

*ibid*; *see also AEC One Stop Group, Inc.* v. *CD Listening Bar, Inc.*, 326 F. Supp. 2d 525, 528 (S.D.N.Y. 2004).

It is undisputed that the injury took place in Colorado.  Therefore, the first factor weighs in favor of a transfer.  The second factor is neutral as Anheuser Busch argues that it would be more convenient for it to defend this action in Colorado, while Boyle argues that it would be more convenient for him to prosecute this action in this District.

Next, Anheuser Busch contends that, for the convenience of the witnesses, the action should be transferred.  Anheuser Busch has failed, however, to identify any witnesses who would be inconvenienced by the venue of this action in this District.  *See Excelsior Designs*, *supra*, at 185-86 ("the party seeking the transfer must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover.") (internal citation and quotation omitted).  Anheuser Busch argues that Boyle's initial disclosures have been insufficient thus far to allow identification of its potential employee witnesses.[2]  Moreover, Anheuser Busch's position is that Boyle did not incur his injury while present at its facility.  Thus, Anheuser Busch argues that it will be faced with the

---

[2]Such argument is somewhat dubious in that Anheuser Busch is aware of when the incident allegedly occurred and has already estimated the number of employees who potentially worked on that shift.

prospect of calling numerous employees to refute Boyle's contention that he was injured while working within the Fort Collins facility.

Boyle, on the other hand, argues that he received all of his medical treatment and surgeries in Buffalo and that he and his treating physicians will be inconvenienced by a transfer of this action to Colorado.

As the moving party, Anheuser Busch has the burden of showing that convenience will be furthered by a transfer. Accordingly, it must name the witnesses whose convenience will be served by a transfer and state the substance of their anticipated testimony. Not only has no witness been named, but Anheuser Busch anticipates that many — if not all — of its witnesses will be its own employees.[3] Certainly, Anheuser Busch can produce its own employees in this District should their testimony be required. Boyle, on the other hand, has no such control over his anticipated witnesses, other than himself. Therefore, Anheuser Busch has not shown that the convenience of the non-party witnesses would be served by a transfer.

Any additional ease of access to sources of proof weighs very slightly in favor of a transfer because the site of the incident is located in Colorado. However, the possibility that a jury would be required to visit the site is remote. Anheuser

---

[3] Anheuser Busch has not alleged that it will require the testimony of any person residing in Colorado who is not an employee.

Busch's argument as to the convenience of accessing its documentary proof holds no sway as the documents are not alleged to be numerous and Anheuser Busch has not alleged that transportation of the same to this District would be burdensome.

Anheuser Busch also argues that process is available in Colorado to compel unwilling witnesses. It does not address the fact that such process is not available to compel Boyle's witnesses should they be unwilling to travel to Colorado. Also, as stated *supra*, the only witnesses Anheuser Busch has alluded to calling are its own employees. Thus, again, Anheuser Busch can make those employees available should it wish to have their testimony at trial. *See Goldstein* v. *Rusco Indus., Inc.*, 351 F. Supp. 1314, 1318 (E.D.N.Y. 1972) (*citing Schmidt* v. *Am. Flyers Airline, Corp.*, 260 F. Supp. 813, 814 (S.D.N.Y. 1966)).

Finally, the sixth and eighth factors also weigh against a transfer. Boyle selected this forum. It is his home forum. His selection is therefore entitled to great weight. *See Ainbinder* v. *Potter*, 282 F. Supp. 2d 180, 191 (S.D.N.Y. 2003). The interests of justice also weigh against a transfer. Even if the Court were to conclude — which it does not — that a transfer to Colorado would be equally convenient or even marginally more convenient, it does not justify shifting the burden of inconvenience to Boyle. *See Excelsior Designs*, at 187 (internal citation omitted). There is a significant economic disparity between the parties. The

plaintiff is an individual.  The defendant is a massive corporation with facilities and offices throughout the United States.[4]  The interests of justice therefore weigh against a transfer.[5]

Accordingly, the Court concludes that Anheuser Busch has not shown that a transfer of this action to the District of Colorado would be more convenient and it is **ORDERED** that Anheuser Busch's Motion to Transfer Venue is denied.

DATED:  Buffalo, N.Y.

July 26, 2006

*/s/ John T. Elfvin*
JOHN T. ELFVIN
S.U.S.D.J.

---

[4]According to its website, Anheuser Busch also operates two breweries overseas.  *See* www.anheuserbusch.com/overview/abi.  Anheuser Busch listed its 2005 gross and net sales as $17.3 billion and 15.0 billion, respectively.  *See* Anheuser Busch, Inc. Annual Report 2005.

[5]The seventh factor — the forum's familiarity with the governing law, arguably Colorado law — weighs slightly in favor of a transfer, though this Court is confident that Colorado law would be applied seamlessly.